### Josiah B. French *versus* William W. Fuller

The treasurer of a corporation is not liable, in his individual capacity, to a stock-holder, for refusing to pay him a dividend, although there were funds in the hands of the treasurer sufficient for the payment thereof, at the time of such refusal.

This was assumpsit, brought against the defendant as treasurer of the Central Bridge Corporation, to recover the amount of the dividend declared on ten shares in the capital stock of that corporation, in October 1837.

The parties stated a case.

It appeared, that the plaintiff was the owner of the ten shares when the dividend was declared ; that on the 11th of April, 1838, he claimed payment of such dividend of the defendant ; and that the defendant refused to pay the same, assigning as a reason that the shares had been attached.

Two of the directors of the corporation testified, that they never declared dividends beyond the amount of cash on hand and of accounts due for tolls ; and that the dividends due on their stock for the same quarter, had been duly paid.

It was objected by the defendant, that the action would not lie against him, but should have been brought against the corporation, if against any party.

If the Court should be of opinion, that the plaintiff could maintain his action, a default was to be entered, and judgment to be rendered for the sum of $ 60, with interest from the time when the dividend was demanded ; otherwise the plaintiff was to become nonsuit.

*Oct. 17th.*   L. *Williams*, for the plaintiff, cited *Hall* v. *Marston*, 17 Mass. R. 579 ; *Freeman* v. *Otis*, 9 Mass. R. 272.

*H. H. Fuller* and *E. Fuller*, for the defendant, cited *Gray* v. *Portland Bank*, 3 Mass. R. 364 ; *Nesmith* v. *Washington Bank*, 6 Pick. 324.

*Oct 18th.*   Dewey J. delivered the opinion of the Court.   The plaintiff does not rely upon any express promise of the defendant to pay him the money demanded in this action ; but he contends, that in all cases, the treasurer of a corporation having sufficient funds in his hands as treasurer, is bound to pay all dividends declared by the directors, and that upon failure so

to do, he subjects himself personally to an action of assumpsit for money had and received, at the suit of a stockholder.

No doubt there are many cases where, without any other privity between the parties than that arising from the fact, that an individual has placed money in the hands of a third person to be paid to another, and the person with whom it was thus deposited neglects or refuses to pay it over, it has been held, that an action for money had and received would lie against him who wrongfully withheld the money, in favor of him to whom the money was due.

A broad distinction however exists between the present case and those which it is supposed to resemble, arising from the peculiar relation which the defendant holds to the parties connected with this case. The Central Bridge Corporation is the principal debtor, the treasurer being the mere servant of the corporation, having no authority or control over the funds except as such servant. The money deposited in his hands is not placed under his control as an individual holder, but it is the money of the corporation ; and the character of these funds is not changed by the act of the directors declaring a dividend and authorizing the payment of the same by their treasurer. There is not, in such a case, any particular appropriation to a stockholder, of any specific funds in the hands of the treasurer, until payment is actually made. It is therefore upon the liability of the corporation, rather than upon that of the treasurer, the stockholders must rely, to enforce the payment of their dividends, in a case where no other ground exists for charging the treasurer, but his mere non-feasance. And this accords with the general rule, that a servant cannot be charged by third persons for mere neglect of duty, but the principal must in such cases be resorted to. This principle seems to be entirely reasonable and proper in its application to cases like the present. The treasurer ought not to be made personally liable to suits which may often arise in cases of controverted title as to the stock ; nor should the corporation be deprived of the privilege of a set-off or other counter claims against a stockholder, as perhaps they might be, if a suit would lie, in such cases, against the treasurer in his private capacity.

The Court are therefore, of opinion, that the plaintiff cannot maintain his action ; and he must become nonsuit.